UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

**UNITED STATES OF AMERICA,**

       **Plaintiff,**

                      v.         08-M-47(Sr)

**LASHAI AUSTIN,**

       **Defendant.**
_____

## DECISION AND ORDER

The defendant consented to a trial, judgment and sentencing before the undersigned and properly executed a Consent To Proceed Before A United States Magistrate Judge In A Misdemeanor Case on March 27, 2008. Dkt. #3.

## PRELIMINARY STATEMENT

On or about March 27, 2008, the defendant, Lashai Austin, was charged in a one-count Information charging her with violating Title 18, United States Code, Section 2113(b) (bank larceny), a misdemeanor. Dkt. #1. That same day, the defendant entered into a Plea Agreement with the government and plead guilty to the one-count misdemeanor Information. Dkt. #4. On June 25, 2008, the defendant was sentenced to a term of probation for a period of twenty-four (24) months. Dkt. #9. Thereafter, on June 27, 2008, the Clerk of Court entered the Judgment In A Criminal Case against Lashai Austin. Dkt. #10. Presently pending before this Court is the defendant's Motion seeking an Order sealing the case. Dkt. #13. The Court interprets the instant motion as a request to have the record of her conviction expunged. The

government filed a Response to defendant's motion to seal. Dkt. #15. For the following reasons, defendant's motion is denied.

## **DISCUSSION AND ANALYSIS**

As noted above, the defendant filed a Motion seeking an Order from this Court sealing her case. Dkt. #13. In support of the instant motion, the defendant supplied the following reasons why she believes she is entitled to the relief she is seeking:

> I Lashai Austin think that I'am [sic] entitled to have this case sealed because I'am [sic] trying to better my life by attending Niagara County Community College (3111 Saunders Settlement Rd. Sanborn NY 14132-9460) to become an [sic] surgical Tech. I should be graduating May of 2011 and this misdemeanor on my record would stop me from getting a job as it has done now. I have not been able to work for several months now due to this charge. In July 2010 I will be off of probation, I will then have served 2 years without any violation but, still owe $500 in restitution that I am unable to pay because I can not work. This case happened in 2005 and I think I have learned many lessons from this. I also have not been in any trouble besides parking tickets.

Dkt. #13, p.2.

"[E]xpungement lies within the equitable discretion of the court, and relief usually is granted only in 'extreme circumstances.' In determining whether such circumstances exist, courts have considered the delicate balancing of the equities between the right of privacy of the individual and the right of law enforcement officials to perform their necessary duties." *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (internal quotation marks and citations omitted). "In considering these equities,

courts must be cognizant that the power to expunge is a narrow one, and . . . should be reserved for the unusual or extreme case." *Id*. at 539 (internal quotation marks and citations omitted). Here, unlike *Schnitzer*, Ms. Austin's case concluded in 2008 and did not present the sort of legal defects and constitutional concerns that made expungement appropriate in *Schnitzer*.

Here, as cited above, the only reason Ms. Austin has offered in support of her motion, is the difficulty that her misdemeanor conviction has presented in her search for employment. Dkt. #13. While the Court certainly understands and commends Ms. Austin for her efforts to "better her life" and to seek employment and to satisfy her restitution obligations, those desires are simply insufficient to justify expungement. *See United States v. Gonzalez*, No. 04-CR-191A, 2010 WL 1491852, at *1 (W.D.N.Y. April 12, 2010) (seeking expungement of conviction because "I want my life back and I understand that it was a serious mistake that I made but I humbly ask you to give me an opportunity to be able to work so I can support my children," while the Court expressed its sympathy for Gonzalez's situation and his desire to distance himself from the bad decisions he made, the Court nevertheless denied expungement); *United States v. Gaskin*, No. 99-CR-0158, 2010 WL 1221589, at *2 (E.D.N.Y. Mar. 25, 2010) ("While Defendant['s] record has caused him difficulty in finding employment-and even though he currently has the opportunity to become employed pending his record's expungement-adverse employment decisions are a result of arrest and conviction, and do not constitute grounds for expungement." (citations omitted)); *Slansky v. White*, No.

96 CIV. 2338, 1996 WL 312401, at *2 (S.D.N.Y. Jun. 10, 1996) ("The sole ground for [the former defendant's] motion, the potential effect on his future employment, provides insufficient justification, *per se*, for the expungement of his arrest record." (citations omitted)).

In addition to *Gonzalez*, the identical issue presented here was also addressed by the Eastern District of New York in *United States v. James*, No. 97 CR 715 (ILG), 2003 WL 21056989 (E.D.N.Y. Feb. 13, 2003) and the Court's reasoning in *James* is instructive here.

> For the reasons set forth above, plaintiff's motion for expungement must be denied. Unfortunately for plaintiff [sic], if there is some force that will permit her to move on and put the lingering effects of her conviction behind her, it is not the law, but rather the willingness of an employer to display enough understanding and wisdom to recognize that defendant has paid her debt to society. While the law does not go so far as to erase the records of a youthful lapse in judgment, neither does it envision that she will be forever branded as a pariah and precluded from fully contributing to the fabric of society. . . . To merely pay lip service, however, to the tenet of 'paying ones debt to society' and to continue to regard that debt as never to be absolved is socially self-defeating and morally wanting. Despite having found no basis upon which to grant plaintiff's motion for expungement, this Court is nevertheless prompted to express the same hope as it did in [*In re Farkas*, 783 F.Supp 102 (E.D.N.Y. 1992)], that prospective employers will not look askance upon [her].

*United States v. James*, No. 97 CR 715 (ILG), 2003 WL 21056989, at *2 (E.D.N.Y. Feb. 13, 2003).

## **CONCLUSION**

For all of the foregoing reasons, Ms. Austin's motion (Dkt. #13) is denied.

**SO ORDERED.**

DATED:    Buffalo, New York
              April 29, 2010

                                            *s/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**